[Crim. No. 7224. Third Dist. Jan. 9, 1974.]

In re BOBBY WILLIAMS on Habeas Corpus.

**COUNSEL**

Rowan K. Klein, under appointment by the Court of Appeal, for Petitioner.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Joel Carey and Anthony L. Dicce, Deputy Attorneys General, for Respondent.

**OPINION**

**REGAN, J.**—In this application for a writ of habeas corpus, petitioner Bobby Williams alleges the revocation of his parole did not conform to the requirements set forth in *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], and *Gagnon* v. *Scarpelli* (1973) 411 U.S. 778 [36 L.Ed.2d 656, 93 S.Ct. 1756].

Petitioner was released on parole April 2, 1973, and 22 days thereafter he was arrested by his parole officer and placed in the Los Angeles County jail. The officer filed a report to the Adult Authority charging three violations of the conditions of his parole and recommending petitioner be returned to a state facility.

On May 4, 1973, the Adult Authority scheduled a pre-revocation of parole hearing for petitioner. On May 6, 1973, petitioner received and signed a notice of his right to a pre-revocation hearing and indicated he requested one be held. On that same day petitioner was informed of the date (May 9, 1973), time (9:30 a.m.) and place (Los Angeles County jail), at which the hearing would be held. Attached to the notice was a report of the facts relating to the alleged violation of parole conditions.

On May 9, 1973, a pre-revocation hearing was held in the Los Angeles County jail. Although petitioner had requested that certain members of his family appear as witnesses, they refused to appear. Petitioner, however, did testify in his own behalf. After the hearing, probable cause was found to exist as to the three charged violations of parole.

Petitioner was then returned to state prison. On July 10, 1973, petitioner was notified of his right to revocation hearing and of his right to request an attorney. Petitioner refused to acknowledge receipt of such notice, refused to take advantage of the offer of counsel, and refused to request that any witnesses be present at the hearing. Petitioner was advised that his failure to sign the notice constituted a waiver.

On July 19, 1973, an in-prison revocation of parole hearing was held. At that hearing the petitioner was uncooperative and hostile. He refused to plead and would not discuss the charges. The refusal to plead was treated as a plea of "not guilty" to all charges. After the hearing, the Adult Authority found petitioner guilty as to all three charges, revoked his parole, and ordered a psychiatric appraisal. On July 26, 1973, petitioner was notified of the Adult Authority's action. He refused to acknowledge receipt of this notification.

In *In re Castaneda* (1973) 34 Cal.App.3d 825 [110 Cal.Rptr. 385], a parolee was returned to prison after having been charged with violations of the conditions of his parole and after an in-prison revocation hearing his parole was revoked. We held that *Morrissey, supra,* requires both a preliminary hearing and a revocation hearing and that the omission of a preliminary hearing on charges of parole violations "is analogous to the absence of a preliminary examination on criminal charges prosecuted thereafter by information. If the latter examination has not been waived, prejudice is presumed from the lack of one, and the defect is jurisdictional." (*Id.* at p. 832.)

"In *Morrissey* the court held that, under the due process clause of the Fourteenth Amendment, a parolee is entitled to two separate hearings

during 'the typical process of parole revocation.' The first hearing is 'in the nature of a "preliminary hearing"' conducted 'at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available.' The ultimate function of the hearing officer at that initial stage is 'to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts which would constitute a violation of parole conditions.' Determination of that issue adverse to the parolee warrants his continued detention and return to the state correctional institution pending the final decision of the parole board on revocation. The preliminary hearing officer can be 'someone such as a parole officer other than the one who had made the report of parole violations or has recommended revocation.' (408 U.S. at pp. 484-487 [33 L.Ed.2d at pp. 496-498].)" (34 Cal.App.3d at p. 827.)

We conclude that the revocation of parole in petitioner's case was in full compliance with the due process requirements set forth in *Morrissey* and *Gagnon*. Petitioner has no right now to complain because his own obstinacy tended to frustrate the intent of *Morrissey*. He was afforded all of his rights, yet was completely uncooperative, especially as to the revocation hearing.

■ On May 14, 1973, the United States Supreme Court rendered its decision in *Gagnon* v. *Scarpelli, supra. Gagnon* held that, not in all instances, but on a case-by-case basis, indigent probationers and parolees are entitled to appointed counsel at the preliminary and formal revocation hearings spelled out in *Morrissey*. (411 U.S. at p. 790 [36 L.Ed.2d at p. 666].)

Petitioner was not afforded an opportunity to have counsel present at the preliminary hearing because that hearing occurred *before* the date of the decision in *Gagnon*. We have decided today in *In re Oglesby* (1974) *ante,* page 629 [111 Cal.Rptr. 866], that *Gagnon* should not be applied retroactively to the date of the decision in *Morrissey*. It is noteworthy, however, that petitioner was afforded an opportunity to request counsel at the revocation hearing, which occurred *after* the date of the decision in *Gagnon*.

■ Petitioner next argues that the Adult Authority "unreasonably delayed" the final revocation hearing.

*Morrissey* states that "the revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." (408 U.S. at p. 488 [33 L.Ed.2d at p. 498].) The court there noted that a lapse of two months

would not appear to be unreasonable. (*Ibid.*) *Morrissey,* however, did *not* hold that two months was the maximum permissible delay.

Petitioner was taken into custody on April 24, 1973. On July 19, 1973, the revocation of parole hearing was held. Thus, 2 months and 25 days elapsed between the petitioner's date of arrest and the revocation hearing. Petitioner, however, has not demonstrated that such a lapse of time is unreasonable, or that he has been prejudiced by the delay. We are not of the opinion that petitioner's revocation hearing was unreasonably delayed.

The order to show cause is discharged and the writ denied.

Richardson, P. J., and Vasey, J.,* concurred.

A petition for a rehearing was denied January 31, 1974, and petitioner's application for a hearing by the Supreme Court was denied March 8, 1974. Mosk, J., was of the opinion that the application should be granted.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.