Filed 8/8/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B240837 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA114598) |
| v. | |
| MAIBREN DORIAN JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Kelvin D. Filer, Judge.  Affirmed.

G. Martin Velez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Maibren Dorian Johnson violated probation and was sentenced to six years in prison for a 2010 robbery conviction.  He contends the trial court violated his right to receive a timely probation revocation hearing when it continued the hearing for two weeks without good cause.  He also asks that we independently review the trial court's in camera review of police personnel records.  We conclude that although no good cause justified continuing the probation revocation hearing, Johnson suffered no prejudice from the delay, and we agree with the trial court that the police personnel records it reviewed contained no discoverable information.  Therefore, we affirm.

## BACKGROUND

In 2011, Johnson pled no contest to two counts of second degree robbery and was sentenced to six years in prison.  The sentencing court suspended execution of the sentence and placed Johnson on three years formal probation with various terms and conditions, including the requirement that he agree to submit to searches by law enforcement officers with or without a warrant or probable cause.

On January 13, 2012, Sheriff's deputies Eddie Ochoa and James Chambless detained Johnson and, upon searching him, found 18 baggies of marijuana and 4 debit and credit cards in names other than his own.

The probation department filed probation violation reports on January 18 and February 1, 2012, and after a one-month continuance requested by Johnson, a probation revocation hearing was calendared for April 12, 2012.  On February 7, 2012, Johnson filed a *Pitchess*[1] motion requesting pretrial discovery of the arresting deputies' personnel records.  After reviewing the records, the trial court concluded no discoverable material existed.

On April 12, 2012, the prosecutor requested a further continuance, stating, "[w]e were attempting to do this today.  Unfortunately the witnesses are not here, so I cannot proceed today."  The prosecutor offered no further explanation.  Over Johnson's objection the trial court continued the hearing to April 27.

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

At the April 27, 2012 probation revocation hearing, the trial court found Johnson was in violation of the terms of his probation and ordered execution of the six-year prison term that had been imposed but suspended in 2011. Johnson timely appealed.

## DISCUSSION

**The Revocation Hearing Was Not Unreasonably Delayed**

Johnson contends the trial court violated his right to have the probation revocation hearing held within a reasonable time when it continued the hearing from April 12 to April 27, 2012, without good cause. We agree that the hearing was continued without good cause but conclude Johnson suffered no prejudice from the delay.

The Legislature has determined that although "[t]he welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time," excessive continuances have clogged the courts, resulting in "adverse consequences to the welfare of the people and the defendant." (Pen. Code, § 1050, subd. (a).)[2] To remedy the problem, the Legislature directed in section 1050 that any party seeking "[t]o continue any hearing in a criminal proceeding" must demonstrate good cause. (§ 1050, subds. (b) & (e).) "Neither the convenience of the parties nor a stipulation of the parties is in and of itself good cause." (§ 1050, subd. (e).)[3]

Respondent preliminarily argues that despite its express language, section 1050's requirement of good cause to continue "any hearing in a criminal proceeding" does not apply to *any* hearing in a criminal proceeding. For example, the court in *People v. Iocca*

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

[3] Subdivisions (b) and (e) of Penal Code section 1050 provide in pertinent part: "(b) To continue any hearing in a criminal proceeding, including the trial, (1) a written notice shall be filed and served on all parties to the proceeding . . . together with affidavits or declarations detailing specific facts showing that a continuance is necessary . . . . [¶] . . . [¶] (e) Continuances shall be granted only upon a showing of good cause. Neither the convenience of the parties nor a stipulation of the parties is in and of itself good cause."

(1974) 37 Cal.App.3d 73, 78 held section 1050 does apply to preliminary hearings. Respondent argues the statute should likewise not apply to probation revocation hearings. We disagree. When *People v. Iocca* was decided, section 1050 provided that "[n]o continuance of a criminal *trial* shall be granted except upon affirmative proof" of good cause. (Italics added.) The court observed that a preliminary hearing is not a trial and concluded "the rigid requirements of a statute like Penal Code section 1050[] should not be applied to the shorter, less expensive and far less complex proceedings of the preliminary hearing where (unlike a trial), a defendant is not in jeopardy." (*People v. Iocca*, at p. 78.) But section 1050 has been amended 12 times since then, the last time in 2003. It now provides that good cause must be shown before a continuance may be granted in "any hearing in a criminal proceeding." A probation revocation hearing is a hearing in a criminal proceeding. Therefore, pursuant to section 1050, good cause must be shown before the hearing may be continued.

Whether good cause exists is a question for the trial court's discretion but requires at a minimum that the party seeking continuance demonstrate it has prepared for the hearing with due diligence. (See *People v. Jenkins* (2000) 22 Cal.4th 900, 1037; *People v. Ferrer* (2010) 184 Cal.App.4th 873, 879 ["To show good cause for a continuance, a party must make a showing of diligence"].) "Particularly, when the party seeks a continuance to secure a witness's testimony, the party must show that he exercised due diligence to secure the witness's attendance, that the witness would be available to testify within a reasonable time, that the testimony was material and not cumulative." (*People v. Henderson* (2004) 115 Cal.App.4th 922, 934.)

Here, the prosecutor made no effort to show good cause for a continuance, but stated only that witnesses were unavailable. He made no showing that he had exercised diligence to secure the witnesses' attendance and gave no assurance that the anticipated testimony would be material and noncumulative.

Johnson argues the trial court abused its discretion when it granted the prosecution's request for a continuance. We disagree. Normally, the prosecutor's failure to show good cause would require the trial court to deny the motion for a continuance

4

under section 1050, subdivision (d), which provides, "[i]f the moving party is unable to show good cause for the failure to give notice, the motion for continuance shall not be granted." However, the 2003 amendment to section 1050 added subdivision (l), which provides, "This section is directory only and does not mandate dismissal of an action by its terms." The courts have therefore held that a trial court may not dismiss a case due to failure to meet the good cause requirements for a continuance (*People v. Henderson*, *supra*, 115 Cal.App.4th at p. 935), nor deny a continuance when to do so would foreseeably result in dismissal (*People v. Ferrer*, *supra*, 184 Cal.App.4th at pp. 884-885).

Even if the trial court abused its discretion when it granted a continuance, Johnson suffered no prejudice because his probation revocation hearing was held within a reasonable time. A probationer has a due process right to a probation revocation hearing within a reasonable time after the probationer is taken into custody. (See *Morrissey v. Brewer* (1972) 408 U.S. 471, 488; *In re Williams* (1974) 36 Cal.App.3d 649, 653.) *Morrissey v. Brewer* noted that a lapse of two months would not appear to be unreasonable. (408 U.S. at p. 488.) *In re Williams* noted that 2 months and 25 days between the petitioner's date of arrest and a parole revocation hearing was not an unreasonable delay. (36 Cal.App.3d at p. 653.) Here, Johnson was arrested on January 13, 2012, and the probation revocation hearing was held on April 27, 2012, a lapse of approximately three months, at least one of which was attributable to his own request for a continuance, which the trial court granted. Johnson does not indicate in what respect the delay was unreasonable, as neither he nor the record suggests it resulted in unavailability of witnesses or loss of evidence or in any way hindered his ability to defend against the probation violation allegations. He therefore has not demonstrated the lapse of time prejudiced him or was otherwise unreasonable.

## *Pitchess* **Motion**

Before the revocation hearing, Johnson asserted the arresting officers, deputies Ochoa and Chambless, filed a report in which they falsely stated he was found in possession of marijuana and stolen debit and credit cards. He filed a *Pitchess* motion requesting pretrial discovery of the deputies' personnel records, specifying he sought any

5

records relating to "acts of dishonesty, fabrication of probable cause or other acts of misconduct." The trial court ordered that the records be produced for inspection, reviewed them in camera, and concluded no discoverable material existed. Johnson now requests that we independently review the in camera proceedings to determine whether the trial court properly exercised its discretion in denying discovery. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1232; *People v. Wycoff* (2008) 164 Cal.App.4th 410, 414-415.)

After having independently reviewed the sealed reporter's transcript of the in camera *Pitchess* hearing, we find no abuse of discretion. (*People v. Mooc*, *supra*, 26 Cal.4th at p. 1228.)

## DISPOSITION

The judgment is affirmed.

CERTIFIED FOR PUBLICATION

CHANEY, J.

We concur:

MALLANO, P. J.

JOHNSON, J.

6