Filed 5/5/21  P. v. Law CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LEO LAW,<br><br>Defendant and Appellant. | B302247<br><br>(Los Angeles County<br>Super. Ct. No. BA468851) |

APPEAL from an order of the Superior Court of Los Angeles County, Terry A. Bork, Judge.  Affirmed.

Melissa J. Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Leo Law appeals the trial court's order revoking and terminating probation and ordering execution of his suspended six-year state prison sentence for first degree burglary after the court found Law had violated the conditions of probation by possessing a firearm.  No arguable issues were identified following review of the record by Law's appointed appellate counsel.  We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Law in two supplemental briefs.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Law pleaded no contest to first degree burglary (Pen. Code, § 459)[1] on November 16, 2018.  Pursuant to a negotiated agreement, the trial court sentenced Law to six years in state prison, suspended execution of the sentence and placed Law on formal probation for a period of five years.  Among the conditions of probation, Law could not possess a dangerous or deadly weapon, including a firearm.

1. *Law's Arrest for Violating Probation and the Setting of a Formal Probation Revocation Hearing*

On May 1, 2019 Law was arrested for possessing a firearm (§ 29800, subd. (a)(1)) and violating his probation (§ 1203.2).  Five days later the trial court summarily revoked Law's probation and ordered a supplemental probation report.  A series of continuances ensued.

The trial court initially continued the matter to May 28, 2019 to allow for the filing of the supplemental report.  Defense counsel did not object.  On May 28, 2019 the matter was continued to June 4, 2019 because defense counsel was engaged

---

[1]     Statutory references are to this code.

in trial. On June 4, 2019 defense counsel requested a hearing date of June 18 to allow time for discovery in light of the prosecutor's intention to seek imposition of the suspended sentence. On June 18, 2019 defense counsel indicated she was still waiting for evidence of Instagram photographs the prosecutor anticipated receiving in the next five days. The trial court set the formal probation violation hearing for June 24, 2019. On June 24, 2019 defense counsel requested a continuance to July 9, 2019, which the trial court granted.[2]

On July 9, 2019 the prosecutor requested a continuance because its key civilian witness, Ciara Parham, failed to appear despite being subpoenaed. The trial court found good cause for a short continuance, issued a bench warrant hold for Parham and continued the hearing to July 16, 2019. When Parham did not appear on July 16, 2019, the trial court released the bench warrant and set Parham's bail in the amount of $50,000. The prosecutor requested the matter trail until the next day. At this point Law objected. The trial court recognized that Law had "waiv[ed] a good deal of time to get his hearing, but there is good cause given a witness is not here who was ordered to be present."

On July 17, 2019 Parham still did not appear. That morning investors spoke with Parham's father, who reported he did not know where she was. The prosecutor explained to the court that he had spoken to Parham on her original appearance date. She had acknowledged receipt of the subpoena but stated she did want to come to court because she had been threatened. The prosecutor explained he could not confirm who had threatened Parham but added he had "no reason to doubt her,"

---

[2] The transcript from the June 24 hearing is not part of the record on appeal.

and she sounded "very credible." The prosecutor also indicated he was still waiting for the results of an analysis of DNA found on the gun at issue.

Defense counsel stated Law was ready and willing to proceed absent Parham's testimony and the DNA results, noting he had been in custody since May 1 and had requested to have his hearing "over and over again." If there was to be another continuance, Law requested that he be released on his own recognizance. However, defense counsel did not expressly object to the continuance. The court declined to release Law or set bail given the seriousness of the issues presented by Law's criminal history. The trial court set a new hearing for July 31, 2019.

2. *The Evidence of Law's Violation and the Court's Ruling*

Law's formal probation violation hearing began on July 31, 2019. The prosecution's theory was that Law had been in possession of a firearm found in the vehicle he was driving following a traffic stop.

The prosecution called Parham as its only witness.[3] Parham testified she and two other passengers were riding with Law in an SUV when he was pulled over for a traffic violation. During the stop a firearm was found in the vehicle. Law was arrested.

That afternoon detectives showed Parham a photograph of Law with a firearm lying on his chest. She recognized the photograph because she previously had seen the same photograph on Law's Instagram. Parham also recognized the firearm in the photograph as the firearm that had been found in

---

[3] Parham, who had been arrested pursuant to the bench warrant, stated she was afraid to testify and appeared only because she was compelled to do so.

4

the vehicle during the traffic stop. Parham testified that approximately one month before the traffic stop Law had shown her a black-colored firearm, which he carried in a brown-colored designer backpack. Parham acknowledged she was not familiar with firearms but testified the firearm Law showed her looked "[e]xactly like the [one in] the photo." Parham explained that on the day of Law's arrest she and Law were in an intimate relationship but that approximately two weeks later they broke up because "he was already married."

Following Parham's testimony defense counsel requested several additional continuances to gather additional information and due to her unavailability. When the hearing resumed approximately two months later, Law testified in his own defense. Law confirmed he knew it was against the terms of his probation to possess a firearm. He denied ever possessing a firearm while on probation and denied he had shown Parham a firearm in a brown-colored designer backpack. On the day of his arrest Law was driving to his probation officer's office to pay part of his restitution fine. The vehicle he was driving belonged to Parham. Law said he learned following his arrest that the vehicle had been reported stolen. Law was unaware a firearm was in the backseat of the vehicle. Law testified the photograph of him with a firearm had been taken in 2013 or 2014 and insisted the original photograph did not have "the firearm being posted on me." Law pointed out that social media posts were typically dated but the purported Instagram photograph was undated. He surmised the picture had been digitally altered to include a firearm.

Following counsel's arguments, the trial court took the matter under submission. The court issued its ruling on

October 29, 2019, finding the prosecution had proved by a preponderance of the evidence that Law had a firearm in his possession in violation of the terms of his probation.  The court explained its decision turned on the credibility of the two testifying witnesses.  The court considered Parham's possible motivation to lie following the termination of her relationship with Law, but still found her to be credible.  The court found Law to be less credible and, in particular, did not credit his explanation the photograph of him with a firearm had been digitally altered.  The court revoked and terminated probation and imposed the previously suspended six-year state prison sentence.

Law filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Law in his appeal.  After reviewing the record, counsel filed a brief raising no issues.  Appointed counsel advised Law on July 27, 2020 that he may file a supplemental brief raising any grounds of appeal, contentions or arguments he wanted this court to consider within 30 days.  We provided a similar notice to Law on August 10, 2020.

On September 17, 2020 we received a two-page typewritten supplemental brief in which Law, noting he had been held in custody for 92 days from arrest until the start of his formal probation violation hearing, argued his due process right to a timely hearing had been violated.  On January 7, 2021 we received a five-page handwritten supplemental brief in which Law argued the trial court abused its discretion in terminating probation because the prosecution had failed to prove he violated a condition of probation by a preponderance of the evidence.

As to Law's first argument, under the circumstances here, the 92-day delay was not unreasonable.  (See *People v. Johnson* (2013) 218 Cal.App.4th 938, 943 [appellant failed to demonstrate "a lapse of approximately three months, at least one of which was attributable to his own request for a continuance" constituted an unreasonable delay]; *In re Williams* (1974) 36 Cal.App.3d 649, 653 [delay of two months and 25 days between petitioner's date of arrest and parole revocation hearing not an unreasonable delay].)  With one exception all the continuances were made at the request of, or without objection from, Law's counsel.  (See *People v. Wilson* (1974) 40 Cal.App.3d 913, 915 [absent objection, consent to continuances presumed in the context of a right to a speedy trial]; *County of Los Angeles v. Surety Ins. Co.* (1989) 207 Cal.App.3d 1126, 1133 [the failure to object to a discretionary ruling made by the trial court at the time it is made generally forfeits any challenge to that ruling on appeal].)  As for the one-day continuance on July 16, 2019, good cause existed because a witness who had been ordered to appear failed to do so notwithstanding the diligent efforts of the prosecutor to secure her presence.  (Cf. § 1050, subd. (b) [any party seeking "[t]o continue any hearing in a criminal proceeding" must demonstrate good cause]; *Johnson*, at p. 942 [good cause "requires at a minimum that the party seeking continuance demonstrate it has prepared for the hearing with due diligence"]; *People v. Ferrer* (2010) 184 Cal.App.4th 873, 879 [same].)

Law's second argument challenging the sufficiency of the evidence to find he had violated a condition of probation fails to recognize the limited role of a reviewing court.  (See *People v. Urke* (2011) 197 Cal.App.4th 766, 773 [""[o]nly in a very extreme case should an appellate court interfere with the discretion of the

trial court in the matter of denying or revoking probation"""].) The trial court's ruling was based on its finding that Parham's testimony was credible. Parham had previously seen the photograph of Law with a firearm, shown to her by detectives following Law's arrest, on Law's Instagram and recognized the firearm in the photograph as the same one Law had displayed a month earlier. Parham identified the firearm found during the traffic stop as the one from the photograph. That testimony, although contradicted by Law, adequately supported the finding Law had violated his probation. (See *People v. Covarrubias* (2016) 1 Cal.5th 838, 890 [all reasonable inferences from the evidence are presumed in support of the decision; "[i]f the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding"]; *People v. Barnwell* (2007) 41 Cal.4th 1038, 1052 ["[e]ven when there is a significant amount of countervailing evidence, the testimony of a single witness that satisfies the [substantial evidence] standard is sufficient to uphold the finding"].) Law does not dispute that possession of a firearm was a violation of the terms of his probation and a proper basis to revoke and terminate his probation and impose the previously stayed state prison sentence.

We have examined the record and are satisfied Law's appellate counsel has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The order is affirmed.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.

9