Filed 10/29/21  P. v. Denegal CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C092869 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFECOD20140007388) |
| v. | |
| KEITH DARNELL DENEGAL, | |
| Defendant and Appellant. | |

Defendant Keith Darnell Denegal pled no contest to voluntary manslaughter and personally using a firearm.  At the sentencing hearing, defendant requested a continuance to allow his family to attend the hearing.  The trial court denied the request and also imposed direct victim restitution at the sentencing hearing.  On appeal, defendant claims the trial court erred by (1) denying his request to continue the sentencing hearing, and (2) imposing victim restitution without holding a hearing on the proper amount.  We affirm.

1

# I. BACKGROUND

In 2014, defendant shot and killed Jesus Mendoza. Defendant was charged with voluntary manslaughter (Pen. Code, § 192, subd. (a)),[1] shooting at an inhabited vehicle (§ 246), and possession of a firearm by a minor (§ 29610). For the first two counts it was also alleged defendant personally used a firearm (§ 12022.5, subd. (a)), and for the second count that he personally discharged a firearm and caused death or great bodily injury (§ 12022.53, subd. (b)-(e)).

On April 24, 2020, defendant pled no contest to voluntary manslaughter and admitted the allegation he personally used a firearm. The remaining allegations were dismissed.

The probation report dated July 8, 2020, stated defendant "was advised that he is welcome to have family and friends submit letters regarding his character to be included with this report," but no letters were included. The report also recommended defendant pay fines and fees, including "restitution to the Victim's family, in an amount to be established by the Court after a recommendation by the Probation Officer. The restitution matter is continued for 90 days pending the recommendation of the Probation Officer."

The sentencing hearing was held on August 10, 2020. At the hearing, defendant's counsel requested a continuation of sentencing because defendant wanted family to attend and address the court to express support for defendant. The trial court denied the request because it was "not aware of a defense right to have individuals testify at a sentencing hearing." The court also noted the case was six years old.

The prosecutor asked at the sentencing hearing for victim restitution totaling $12,417.41 for funeral and burial related costs, comprised of $7,580 to the Victim

---

[1] Undesignated statutory references are to the Penal Code.

Compensation Board and $4,837.41 to the victim's wife. The prosecutor provided information supporting the restitution amount to the defense at the sentencing hearing. Defense counsel told the court he was just getting the itemized information right then, so requested that defendant be "able to contest this if we do find a basis to contest it." The trial court agreed, and then had a conversation with defendant:

"THE COURT: [Y]ou do have a right to have a restitution hearing. At some point if you do disagree with the amount of restitution, at that hearing you would have the right to be represented by your attorney. And the district attorney would have to prove the amount of restitution owing. Do you understand that?

"THE DEFENDANT: No. So basically what you [are] saying is that today I will be receiving no restitution?

"THE COURT: I'm going to order restitution payable in these amounts.

"THE DEFENDANT: When do I have the court date to come back for?

"THE COURT: After you look at the paperwork, if you want to set a future court date you can to contest it. But right now I have the paperwork that's been provided, and I'm going to be ordering restitution in these amounts.

"THE DEFENDANT: Am I allowed to object to it where I can pay when I get out of custody?

"THE COURT: You can make that objection. I'm going to order it. And if you have the opportunity to work in prison, part of the proceeds will go to pay this restitution.

"THE DEFENDANT: Right. But I want to—I'd like to do it after I get out of custody.

"THE COURT: That's not going to happen.

"THE DEFENDANT: But I can always object to it.

"THE COURT: You can object, but I'm going to order it.

"THE DEFENDANT: That's all I want to do.

"[DEFENSE COUNSEL]: Objection for the record, Your Honor.

3

"THE COURT: Understand."

The court then imposed, pursuant to the negotiated plea, the midterm of six years for voluntary manslaughter and the upper term of 10 years for the firearm enhancement for a total term of 16 years. The trial court also imposed fines and fees, including $12,417.41 in actual restitution.

## II. DISCUSSION

### A. *Sentencing Hearing Continuance*

Defendant first contends the trial court erred in not granting his request to continue the sentencing hearing because defendants have a right for family members to make statements at sentencing hearings. Defendant also contends his counsel was ineffective by not collecting supportive documents prior to sentencing.

Continuances of any criminal proceeding "shall be granted only upon a showing of good cause." (§ 1050, subd. (e).) "Whether good cause exists is a question for the trial court's discretion but requires at a minimum that the party seeking continuance demonstrate it has prepared for the hearing with due diligence." (*People v. Johnson* (2013) 218 Cal.App.4th 938, 942.) "The party challenging a ruling on a continuance bears the burden of establishing an abuse of discretion, and an order denying a continuance is seldom successfully attacked." (*People v. Beames* (2007) 40 Cal.4th 907, 920.) Discretion is only abused "when the court exceeds the bounds of reason," which must be analyzed on the particular " 'circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' " (*Id*. at pp. 920, 921.)

Defendant cannot establish good cause for a continuance of the sentencing hearing when the parties agreed to a negotiated term before sentencing, which the trial court accepted. The trial court was therefore bound by the terms of the plea bargain and had no discretion to deviate from the 16-year sentence. (*People v. Stamps* (2020) 9 Cal.5th 685, 701 [" ' "Once the court has accepted the terms of the negotiated plea, '[it] lacks

4

jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree' " ' "].)  A continuance could have no bearing on the hearing's eventual outcome because additional testimony could not have changed defendant's sentence.[2]

Defendant also did not act diligently in pursuing the continuance.  He had four months between the plea and sentencing.  The probation officer also advised defendant of his ability to collect letters of support.  Yet, even with this notice and time, he did not ask for continuance until the day of the hearing.  Defendant has therefore failed to establish the trial court's denial exceeded the bounds of reason.

Defendant's ineffective assistance of counsel claim must also fail.  Assuming it was his counsel's duty to collect supportive documents, these documents also could not have impacted the agreed upon term, so any ineffective assistance would be harmless. (*In re N.M.* (2008) 161 Cal.App.4th 253, 270 [for an ineffective assistance of counsel claim, the appealing party must demonstrate that it is " ' "reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error" ' "].)

B.    *Restitution Hearing*

Defendant next argues the trial court erred in not holding a hearing on the victim restitution before ordering the restitution.

Under section 1202.4, subdivision (f):  "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court

---

[2]  Defendant also claims the testimony could be relevant at a later parole hearing.  But, as pointed out by the People, defendant was sentenced to a determinate term, so parole will be mandatory.  (*In re Bush* (2008) 161 Cal.App.4th 133, 140 ["our Supreme Court has stated that the Board 'has no discretion to grant or withhold parole to a prisoner who has served a determinate term' "].)

order, based on the amount of loss claimed by the victim or victims or any other showing to the court.   If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court.  The court shall order full restitution."  (§ 1202.4, subd. (f).)  A defendant "has the right to a hearing before a judge to dispute the determination of the amount of restitution.  The court may modify the amount, on its own motion or on the motion of the district attorney, the victim or victims, or the defendant."  (§ 1202.4, subd. (f)(1).)

Defendant does not challenge the amount ordered, but instead the lack of a hearing.  But a hearing is not required to initially impose victim restitution.  The statute only mandates courts to establish "by court order" the restitution amount, and courts must order "full restitution."  (§ 1202.4, subd. (f).)  Defendants do, however, have an opportunity to challenge any restitution amount imposed at a hearing under subdivision (f)(1) "to dispute the determination of the amount of restitution."  This provision assumes restitution has already been imposed by court order, otherwise there would be nothing to dispute.

Defendant's appeal is premature as he is asking for relief he is still entitled to obtain with the trial court.  Defendant and his counsel articulated a desire to conditionally object to the amount of restitution should they find an issue with the calculation.  But they did not object outright to the amount, nor did they request a hearing to dispute the amount.  The trial court acknowledged this tentative objection and retained jurisdiction to hold a future hearing should defendant request one, telling defendant "if you want to set a future court date you can to contest it."  Defendant can therefore still seek a hearing under section 1202.4, subdivision (f)(1) to dispute the amount of restitution ordered.  Until defendant requests a hearing with the trial court, his appeal is untimely.  (See *People v. Weaver* (2007) 149 Cal.App.4th 1301, 1337-1338, disapproved of on another ground in *People v. Cook* (2015) 60 Cal.4th 922 [where "the trial court expressly retained

jurisdiction to modify the amount" of victim restitution, the court found the defendant's appeal "premature" because "she must first follow the appropriate procedures set forth in section 1202.4 by requesting a modification hearing and obtaining an order of the trial court on that request"].)**[3]**

Defendant secondarily asserts due process was violated because the probation report did not state the amount of restitution to be imposed. He relies on *People v. Resendez* (1993) 12 Cal.App.4th 98, where the probation report recommended a $9,000 restitution fine but the court instead ordered the defendant to pay $100,000 in direct victim restitution. (*Id.* at p. 111.) Quoting another case, the appellate court stated: " '*A defendant's due process rights are protected when the probation report gives notice of the amount of restitution claimed and expected to be ordered under* [*former section 1202.4*]*, and the defendant has an opportunity to challenge the figures in the probation report at the sentencing hearing.*' " (*Id.* at p. 113.) The court found the defendant's constitutional right to due process of law was violated because the court refused to accept the probation report's restitution recommendations, its restitution order was "totally at odds with the recommendations," and the defendant was not afforded "a reasonable opportunity to challenge the accuracy/validity of the restitution order." (*Id.* at p. 114.)

*Resendez* does not support defendant's position. Though this case confirms due process rights are protected with notice in the probation report and an opportunity to be heard, it did not conclude due process is necessarily violated when the probation report does not state the actual victim restitution imposed. Finding otherwise would conflict

---

**[3]** Section 1202.4 does not include a deadline for a defendant to seek modification of a restitution order. (Cf. *People v. Ford* (2015) 61 Cal.4th 282, 284 [finding trial courts retain jurisdiction to issue restitution orders after a defendant's probation period has expired where the defendant was estopped from objecting to the hearing].) We presume defendant may not indefinitely delay availing himself of his right to seek modification of the restitution amount, but as this issue is not before us on this appeal, we do not determine in the first instance the applicable deadline for defendant to exercise this right.

7

with section 1202.4, subdivision (f), which permits courts to order the restitution amount to "be determined at the direction of the court" should the amount of loss not be calculable at the time of sentencing. (See *People v. Lunsford* (1998) 67 Cal.App.4th 901, 903 ["The restitution order in this case complies with [section 1202.4, subdivision (f)] in that it 'directs' the Office of Revenue Reimbursement to 'determine' the amount of victim restitution because the proper amount could not be ascertained at the time of sentencing"].) In these cases, the probation report will necessarily fail to provide notice of the amount later imposed.

*Resendez* instead confirms that what matters for due process is a reasonable opportunity to challenge the amount imposed. (*People v. Resendez, supra*, 12 Cal.App.4th at p. 113 [" ' " '[w]hatever the specific procedural safeguards required at a sentencing hearing concerning restitution, fundamental fairness must be assured . . . [and the] . . . defendant must be afforded a reasonable opportunity to be heard on the issue of restitution' " ' "].) As discussed above, defendant can still dispute the restitution amount ordered, so there has been no due process violation yet.

### III. DISPOSITION

The judgment is affirmed.

/S/
_____
RENNER, J.

We concur:

/S/
_____
RAYE, P. J.

/S/
_____
ROBIE, J.

8