Filed 12/23/25  P. v. Moreno CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B343497 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. XEAKA130877) |
| v. | |
| JOHNNY MORENO, | |
| Defendant and Appellant. | |

APPEAL from judgment of the Superior Court of Los Angeles County, Victor D. Martinez, Judge. Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Stephanie C. Brenan, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Defendant Johnny Moreno appeals the trial court's judgment, challenging the court's denial of his motion for mental health diversion pursuant to Penal Code[1] section 1001.36. His appeal rests entirely on the premise that the court erred in denying his request for a continuance to gather additional evidence to support his section 1001.36 motion. We affirm.

## BACKGROUND

One afternoon in July 2022, police spotted Moreno driving a truck his mother had reported stolen. When they tried to pull him over, Moreno refused to stop. Instead, he drove to his apartment complex and parked. During the approximately one-minute pursuit, he went through several stop signs and red lights.

Moreno was arrested and charged with driving a vehicle without consent (Veh. Code, § 10851, subd. (a)) and reckless evasion of police (Veh. Code, § 2800.2).

About a year later, in July 2023, his appointed counsel filed a motion for funds for a psychological evaluation, which the trial court promptly granted.

About a year after that, on August 7, 2024, defense counsel filed the section 1001.36 motion. To the motion, he attached the report of psychiatrist diagnosing Moreno with an unspecified mood disorder and posttraumatic stress disorder. The report was dated November 7, 2023. The report did not say either diagnosed condition was a factor in Moreno's commission of the charged offenses. It recited that Moreno took his mother's truck, after she said he could not, because he had a date he did not want to miss.

---

[1] Undesignated statutory references are to the Penal Code.

It further recited that he did not pull over for the police on a public street because he did not want the truck to be towed.

The trial court summarily denied Moreno's motion. It noted the psychiatrist's report had not linked his mental disorder diagnoses to the charged conduct. The court further concluded Moreno's criminal motives, as told to the psychiatrist and reflected in the report (i.e., wanting to go on a date and not wanting the truck to be towed), precluded any nexus with his diagnoses.

Before the trial court denied Moreno's motion, but after it expressed concern over lack of evidence to establish a nexus between the diagnoses and the charged conduct, defense counsel requested "a brief continuance [to] ask [the psychiatrist] if there's . . . anything he can give whether or not there's a nexus." The trial court also denied that request.

Moreno then pled no contest to one violation of Vehicle Code section 2800.2. After some delays in sentencing, the trial court sentenced Moreno to 16 months in prison.

Moreno timely appealed on a certificate of probable cause signed by the trial court.

## DISCUSSION

In his opening brief, Moreno argues only that the trial court abused its discretion in denying his request for a continuance to obtain more evidence for his section 1001.36 motion. The People disagree, and further assert Moreno waived his right to appeal by entering his no contest plea. For the reasons that follow, we find neither waiver nor error.

## I. Waiver

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015)

3

60 Cal.4th 1155, 1159.) Generally, a defendant waives his right to appeal by entering into a plea. (§ 1237.5.) However, a defendant who has entered into a plea may still appeal based on certain issues if he has obtained from the trial court a certificate of probable cause for the appeal. (*Id.,* subds. (a), (b).)

Here, Moreno did obtain a certificate of probable cause. Nevertheless, relying on *People v. Kaanehe* (1977) 19 Cal.3d 1, 9, the People argue a plea waives any objection to a request for continuance made before entry of the plea. *Kaanehe* concerned a request for a continuance of the trial date. (See *ibid.*) As the *Kaanehe* court observed, the general rule is that "all errors arising prior to entry of a guilty plea are waived, except those which question the jurisdiction or legality of the proceedings resulting in the plea." (*Ibid.*)

Importantly here, wrongful denial of pretrial diversion is a ground for appeal that calls into question the legality of the proceedings resulting in a plea. (*People v. Padfield* (1982) 136 Cal.App.3d 218, 228.) It therefore "may be raised on appeal by a certificate of probable cause after a plea of guilty or nolo contendere." (*Ibid.*) And, while the denial of a motion for a continuance is generally not appealable, it may be raised in connection with the appealable order or judgment to which it relates. (See *People v. Peters* (1961) 191 Cal.App.2d 581, 583.)

We conclude Moreno did not waive his right to challenge the trial court's denial of his motion to continue the hearing on his section 1001.36 pretrial diversion motion and that such denial is embraced within the court's certificate of probable cause.

## II. Denial of Continuance

### A. Applicable law and standard of review

Continuances in criminal proceedings are governed by section 1050. (*Id.*, subd. (b).) No continuance may be granted absent a showing of good cause. (*Id.*, subd. (e).) The trial court has broad discretion to determine whether good cause exists to continue a hearing date. (*People v. Jenkins* (2000) 22 Cal.4th 900, 1037.) Thus, "[t]he determination of whether a continuance should be granted rests within the sound discretion of the trial court, although that discretion may not be exercised so as to deprive the defendant or his attorney of a reasonable opportunity to prepare." (*People v. Sakarias* (2000) 22 Cal.4th 596, 646.)

We do not reverse the denial of a continuance absent a showing of abuse of discretion and prejudice to the defendant. (*People v. Doolin* (2009) 45 Cal.4th 390, 450.) "Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion 'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.' " (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124.) "A reviewing court considers the circumstances of each case and the reasons presented for the request to determine whether a trial court's denial of a continuance was so arbitrary as to deny due process." (*Doolin*, at p. 450.)

An order denying a continuance is seldom successfully attacked. (*People v. Beeler* (1995) 9 Cal.4th 953, 1003.)

### B. Analysis

In his opening brief, Moreno asserts the purpose of the request for a continuance was to fill a "gap in the evidence"

concerning eligibility for mental health diversion "that the mental health disorder was a significant factor in the commission of the offense." According to Moreno, "[t]he absence of any evidence regarding a nexus between the offense and [his] mental heath disorder mean[t] that the trial court did not have . . . all relevant evidence. . . . A continuance to enable counsel to attempt to acquire this evidence would have provided the trial court with a complete picture of the diversion issue."

At the hearing, after the trial court concluded Moreno's criminal motives were what the psychiatrist wrote in his report and not related to his mental health diagnosis, defense counsel explained the purpose of the requested continuance as follows: to "ask [the psychiatrist] if there's . . . anything he can give whether or not there's a nexus."

Moreno fails to show an abuse of discretion in the trial court's denial of his request. He concedes his motion contained an evidentiary "gap." Neither in his opening brief nor before the trial court did he explain *why* that gap existed. The trial court approved funds for a psychological evaluation in July 2023. The psychiatrist completed his report in November 2023. Moreno waited to file his section 1001.36 motion until nine months later. Surely, Moreno had the "opportunity" to "attempt to acquire" the evidence to fill the "gap."

But, with over a year to prepare a complete section 1001.36 motion, the only evidence marshalled about Moreno's criminal motive was what was contained in the report his psychiatrist prepared based on the information he provided his psychiatrist. It was not irrational or beyond the boundaries of reason for the trial court to refuse to give Moreno additional time to gather evidence he had had ample time to gather, was largely within his

control, and was, at the very least, difficult to reconcile with the evidence he had already adduced. (*People v. Johnson* (2013) 218 Cal.App.4th 938, 942 ["Whether good cause exists is a question for the trial court's discretion but requires at a minimum that the party seeking continuance demonstrate it has prepared for the hearing with due diligence."].)

For the first time on reply, Moreno argues substantial evidence did not support the trial court's conclusion his evidence precluded a finding of nexus between his criminal conduct and mental health disorder. Moreno did not raise this issue in the trial court or in his opening brief. We therefore decline to consider it. (See *People v. Brooks* (2018) 23 Cal.App.5th 932, 939 ["As there is no evidence that defense counsel raised this objection, below or in [the defendant's] opening brief on appeal, we treat it as waived."].)

However, even if we were to consider the issue, Moreno fails to persuade us that *Lacour v. Superior Court* (2025) 110 Cal.App.5th 391 (*Lacour*) would control. In that case, the trial court concluded there was clear and convincing evidence that no nexus existed between Lacour's criminal conduct and his mental disorder because nothing in the police report indicated he was having symptoms at the time of the offense. (*Id.* at p. 398.) The Court of Appeal reversed.

The *Lacour* court noted multiple issues that are distinguishable here. First, it rejected the People's argument that Lacour could not have acted impulsively, as a symptom of his mental disorder, because the crime was carefully planned. (*Lacour*, *supra*, 110 Cal.App.5th at p. 403.) While the court agreed the crime was planned, there was no evidence Lacour planned it "or that his involvement in the scheme was anything

7

other than an impulsive decision brought about by his mental disorder." (*Ibid.*)

Here, there was affirmative evidence of what motivated Moreno's crimes—the convenience of having access to a vehicle to go on a date and avoiding impoundment of the vehicle.

Second, the *Lacour* court found it immaterial that the police report contained no reference to symptoms of Lacour's mental disorder. It chided the People for implying "a person suffering from a mental disorder will declare their feelings of depression or hopeless to law enforcement when confronted . . . ." (*Lacour*, *supra*, 110 Cal.App.5th at p. 404.) Moreover, the *Lacour* court interpreted certain statements in the police report as affirmative evidence Lacour *was* experiencing symptoms of his mental disorder at the time of his arrest. (*Id.* at p. 404.)

In contrast, here, the trial court reached its conclusion not on a lay officer's routine arrest report but based on evidence in Moreno's psychiatrist's report specially prepared for the purpose of supporting his section 1001.36 motion. That report contained affirmative statements of what Moreno's criminal motives were and no assertion, or even suggestion, that his mental disorder played any role in the charged conduct.

## DISPOSITION

The judgment is affirmed.


RICHARDSON, J.


WE CONCUR:

LUI, P. J.                    SIGGINS, J.*

---

\*      Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.