[Crim. No. 1458. In Bank.—November 23, 1908.]

THE PEOPLE, Respondent, v. ED SILVER, Appellant.

CRIMINAL LAW—PLEA OF GUILTY OF MURDER—CONVERSATION BETWEEN DEFENDANT AND ATTORNEY NOT PART OF RECORD.—Where a defendant pleaded guilty to a charge of murder of the first degree and was sentenced to death, a conversation which took place in the courtroom between himself, the attorney then representing him, and another person who was afterwards substituted as one of his

attorneys, is no part of the judgment or of the minutes of the court, and a motion to amend the judgment or minutes by the insertion of such conversation is properly denied.

ID.—MOTION TO VACATE JUDGMENT—COLLUSION BETWEEN ATTORNEYS—FEAR OF MOB.—A motion to vacate such judgment on the ground of alleged collusion between the defendant's attorney and the district attorney, whereby material facts bearing on the degree of the offense were suppressed, and on the further ground that the defendant was induced to enter the plea of guilty through fear of mob violence, is properly denied, when the evidence introduced at the hearing of the motion, although somewhat conflicting, fails to establish the truth of either of such grounds.

APPEAL from an order of the Superior Court of San Bernardino County refusing to amend the minutes and to vacate a judgment. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

John D. Pitts, and Charles S. Darden, for Appellant.

U. S. Webb, Attorney-General, J. Charles Jones, Deputy Attorney-General, and H. L. Dickson, District Attorney, for Respondent.

SHAW, J.—The defendant pleaded guilty to a charge of murder of the first degree. The court, after hearing the evidence on the subject of the degree of the crime, determined that it was murder of the first degree without extenuating circumstances, and sentenced him to death. Some six weeks later other attorneys for the defendant were substituted in place of the attorney who represented him up to the time of the sentence. Thereafter, before the time fixed for the execution of the sentence, the defendant moved the court to amend the minutes and vacate the judgment. The court after hearing affidavits for and against the motion made an order denying it. From this order defendant appeals.

The motion to amend the minutes asked to have inserted therein, or in the record of the final judgment, a conversation alleged to have occurred in the courtroom between the defendant, the attorney then representing him, and Charles S. Darden, who afterwards was substituted as one of his attorneys. The conversation was no proper part of the judgment, or of the minutes of the court, and the motion to amend was prop-

erly denied, regardless of whether the conversation actually occurred or not.

The motion to vacate the judgment was based upon the alleged grounds—1. That by collusion between the defendant's former attorney and the district attorney at the time of the determination of the degree of the crime, material facts bearing on the subject and known to the witnesses then examined, were not elicited from them, that other important witnesses were not called, and that if the facts had all been shown it would have been demonstrated that the crime was not of the first degree; 2. That the defendant, at the time of his arraignment, was terrorized by the fear of death at the hands of a mob and was thereby forced to enter a plea of guilty and consequently deprived of a trial by jury.

Upon the hearing of the motion evidence and affidavits were introduced showing that each and every of these grounds were wholly unfounded in fact. Before making his plea and until after final judgment, the defendant consulted with and was advised by one of the leading attorneys of the county, a man of learning and good standing in his profession, there was no collusion between him and the district attorney, and all the facts bearing on the degree of the crime were fully exhibited to the court. From the time he was held to answer until the end of the proceedings there was no cause to fear mob violence, nor any exhibition or expression of such fear by the defendant. These facts were fairly established by the testimony. There was some evidence to the contrary, but this only raised a conflict which gives this court no cause to interfere.

The motion and the appeal from the order are both without merit.

The order is affirmed.

Angellotti, J., Sloss, J., Henshaw, J., Lorigan, J., and Melvin, J., concurred.