[Crim. No. 2377. Second Appellate District, Division Two.—September 19, 1933.]

THE PEOPLE, Respondent, v. A. B. BLOCK, Appellant.

[Crim. No. 2384. Second Appellate District, Division Two.—September 19, 1933.]

THE PEOPLE, Respondent, v. A. B. BLOCK, Appellant.

John S. Cooper for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

WORKS, P. J.—▆ In Criminal No. 2377, above entitled, defendant appeals from an order denying an application for

probation, from an order denying his motion for leave to change his plea and from an order denying his motion for a continuance. In his opening brief appellant concedes that "as these orders were made before judgment and no appeal was taken from the judgment, we do not believe that they are appealable". This concession is properly made (Pen. Code, sec. 1237). Notwithstanding this situation, considerable portions of appellant's briefs apply only to the appeals above mentioned, and these parts of the briefs will naturally be disregarded. These appeals must be dismissed.

 In Criminal No. 2384 defendant appeals, in the same case from which Criminal No. 2377 arises, from an order made after judgment and denying his application for the writ of error *coram nobis*. This application was made in the form of a petition, accompanied by affidavits of appellant and of his former counsel, which affidavits contain substantially the same matters alleged in the petition. These matters consist of averments to the effect that a deputy district attorney and an investigator in the district attorney's office made to appellant certain statements and promises, and certain threats amounting to duress, whereby appellant, although innocent, as he alleges, was induced to plead guilty to certain criminal charges pending against him. The investigator, by affidavit, interposed a general denial to all the averments contained in the two affidavits which had been presented by appellant. The deputy district attorney, also by affidavit, traversed and specifically denied all the statements contained in the two affidavits. The trial court found that the allegations of the affidavits presented by appellant were untrue and therefore made its order denying the application for the writ.

It is contended by appellant that the various affidavits above mentioned had the effect merely, *pro* and *con*, of pleadings, as in a civil action, and that the trial court erred in making its order without taking evidence under the issues claimed to have been presented by them. We are referred, however, to no authority announcing such a doctrine. On the contrary, the opinion in *People* v. *Perez*, 9 Cal. App. 265 [98 Pac. 870], plainly shows that it is proper to hear such an application on affidavits. Indeed, appellant says in his opening brief that the case cited is to the effect that "the proper procedure was upon affidavits, oral evidence or both".

In the proceeding considered in *People* v. *Silver,* 154 Cal. 556 [98 Pac. 543], the hearing was by both affidavits and oral evidence.

The appeals in Criminal No. 2377 are dismissed. Order affirmed in Criminal No. 2384.

Stephens, J., and Archbald, J., *pro tem.,* concurred.