Filed 4/20/22  P. v. Zuniga CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JEFF ZUNIGA,<br><br>    Defendant and Appellant. | B310761<br><br>(Los Angeles County<br>Super. Ct. Nos. VA150617,<br>VA151442) |

APPEAL from a judgment of the Superior Court of Los Angeles County, LaRonda J. McCoy, Judge.  Affirmed.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Jeff Zuniga (defendant) appeals from the judgment entered after the trial court revoked his probation and the imposition of a previously suspended sentence. He contends that the trial court abused its discretion by granting the prosecutor's continuance of the revocation hearing from January 19, 2021, to February 2, 2021, and that defense counsel was ineffective for failing to object to the continuance. Defendant also argues that the hearing of February 2, 2021, was barred by collateral estoppel as well as the prohibition against multiple punishment (Pen. Code, § 654)[1] and again that his counsel was ineffective for failing to object. Finally defendant contends that the trial court abused its discretion in admitting hearsay testimony at the revocation hearing. Finding no merit in any of defendant's contentions, we affirm the judgment.

## BACKGROUND

On February 19, 2019, defendant entered into a negotiated plea in two cases. It was agreed that he would be sentenced to a prison term of three years in case No. VA151442 and eight months in case No. VA150617. Both sentences would be suspended, and defendant would be placed on three years' formal probation, with terms including jail time served and the completion of a one-year residential drug program. Defendant pled no contest in case No. VA151442 (bringing an illegal substance into a jail facility in violation of § 4573.5), and in case No. VA150617 defendant pled no contest to driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a)). The trial

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

court sentenced defendant to the agreed terms in prison, and execution of sentence was suspended. Defendant was placed on formal probation for 36 months with the agreed upon conditions of probation.

On August 18, 2020, defendant admitted that he had been arrested on a new charge, tested positive for methamphetamine, and had been discharged from the residential treatment program at the Los Angeles Transitional Center (LATC). He waived a formal hearing and the trial court found him in violation of probation. The court revoked and reinstated probation on the same terms and conditions, including the completion of a one-year treatment program. Defendant was then released to Millennium House. Defense counsel informed the court that she had advised defendant that, if the new program proved unsuccessful, the suspended sentence would be executed. The court told defendant, "I will send you to prison if you walk away from this program . . . ."

On October 7, 2020, the court was informed by Millennium House that defendant had been terminated from the program for being absent without leave (AWOL). The court revoked probation, issued a bench warrant, and scheduled a hearing. On November 19, 2020, defendant admitted violating the terms of his probation and the trial court ordered his sentence imposed. Defendant then asked to withdraw his admission. The court granted the request and scheduled another probation violation hearing for January 19, 2021.

At the next hearing the prosecution called deputy probation officer (DPO) Brandy Bailey to testify regarding her report, which she wrote with information obtained solely from a database she called TCIS. She did not consult defendant's probation officer,

3

who would have personal knowledge of defendant's performance on probation. After the court struck DPO Bailey's answer requiring the prosecutor to lay a foundation for the testimony, the prosecutor requested a continuance to allow her to subpoena defendant's probation officer. The court ordered the matter continued to February 2, 2021. Defendant said, "Okay," and his counsel did not object.

On February 2, 2021, the prosecution called defendant's recently assigned DPO, Julio C. Varela, who testified that he checked the APS data base for all documents filed by defendant's former DPO, Nicole Leavells. It showed that defendant had been accepted into Millennium House in August 2020 and was terminated in October 2020 for failure to comply with instructions. DPO Varela did not have a copy the prior report regarding that program, but the database contained a notation by DPO Leavells that Millennium House had reported that defendant was considered AWOL.

With regard to the LATC program, DPO Varela testified that he called LATC the day before the hearing and learned that defendant had been admitted on June 5, 2020, and was terminated on July 21, 2020, after using methamphetamine. Asked whether both incidents would be violations of defendant's probation, DPO Varela answered that they would. Defense counsel declined cross-examination, and both sides submitted the matter without argument.

The trial court then ruled as follows: "The court has read and considered the probation report for Mr. Zuniga, indicating that he is in violation of probation. One, for leaving the program; 2, for testing positive. The court finds Mr. Zuniga in violation of probation." The court imposed the original sentence of three

4

years eight months.  The court later amended the judgment to reflect an award of combined actual and conduct custody credits for both counts of 943 days.

Defendant filed a timely notice of appeal.

## DISCUSSION

### I.  Continuance of probation revocation hearing

Defendant contends that the trial court abused its discretion by granting the prosecutor's request for a continuance from January 19, 2021, to February 2, 2021, because the prosecution made no showing of diligence as required by section 1050.  Defendant acknowledges that he did not object to the continuance in the trial court.  In the absence of an objection the appellant will be deemed to have consented to a continuance. (See *People v. Wilson* (1974) 40 Cal.App.3d 913, 915.)  Defendant claims that defense counsel rendered ineffective assistance by failing to object.  We will address his contention in order to resolve the claim of ineffective assistance, which we reject as lacking merit and because defendant has not demonstrated prejudice.  (See *People v. Osband* (1996) 13 Cal.4th 622, 693.)

Defendant argues that we should find as a matter of law that the trial court erred in granting the continuance because the prosecution failed to show good cause.  While we agree that good cause should be shown before the hearing may be continued (see *People v. Johnson* (2013) 218 Cal.App.4th 938, 942 (*Johnson*)), we do not agree that an absence of good cause renders the issue a matter of law rather than a matter within the trial court's discretion.  "Normally, the prosecutor's failure to show good cause would require the trial court to deny the motion for a continuance under section 1050, subdivision (d), which provides, '[i]f the

5

moving party is unable to show good cause for the failure to give notice, the motion for continuance shall not be granted.' However, the 2003 amendment to section 1050 added subdivision (l), which provides, 'This section is directory only . . . .'" (*Id*. at p. 942.)

Even if granting a continuance amounts to an abuse of discretion, a probationer must demonstrate prejudice. Ordinarily one suffers no prejudice when the revocation hearing is held within a reasonable time. (*Johnson, supra*, 218 Cal.App.4th at p. 943.) "[A] lapse of two months would not appear to be unreasonable." (*Ibid.*, citing *Morrissey v. Brewer* (1972) 408 U.S. 471, 488 (*Morrissey*).) Nor is a lapse of two months 25 days unreasonable. (*Johnson, supra*, at p. 943, citing *In re Williams* (1974) 36 Cal.App.3d 649, 653.) Here, the initial delay of two months was caused by defendant's request to withdraw his admission. The prosecution's subsequent request for continuance was for only two weeks, from January 19, 2021, to February 2, 2021. We conclude that as in *Johnson*, defendant has failed to demonstrate the two-week delay prejudiced him or was otherwise unreasonable. There is nothing in the record indicating that "it resulted in unavailability of witnesses or loss of evidence or in any way hindered his ability to defend against the probation violation allegations." (*Johnson, supra*, at p. 943.) Given defendant's failure to demonstrate prejudice, his challenge to the order granting the continuance also fails (see *ibid*.), as does his claim of ineffective assistance of counsel (see *Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1126).

## II. Collateral Estoppel

### A. *Issue allegedly litigated on January 19, 2021*

Defendant contends that principles of collateral estoppel barred the continued hearing because the prosecution had been unable to prove its case at the January 19, 2021 hearing. He relies on *People v. Quarterman* (2012) 202 Cal.App.4th 1280, 1288, which does not support his claim. In *Quarterman*, the appellate court held the doctrine of collateral estoppel will bar relitigation of an issue decided at a previous a probation violation hearing where "(1) the issue decided at the previous proceeding is *identical* to the one which is sought to be relitigated; (2) the issue decided in the previous proceeding was *actually litigated*; (3) the issue sought to be relitigated was *necessarily decided*; (4) the decision in the previous proceeding is *final and on the merits*; and (5) the party against whom preclusion is sought is *the same as, or in privity with*, the party to the previous proceeding." (*Ibid*., citing *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.)

An issue is actually litigated on the merits where both parties had the opportunity to fully present their case; and it is finally decided where the court has issued a ruling that was subject to a direct appeal or is "free from direct attack." (*Lucido v. Superior Court, supra*, 51 Cal.3d at pp. 341-342.) Here, the prosecution did not fully litigate the issue of whether defendant violated his probation until the hearing on February 2, 2021, when the prosecution presented the testimony of DPO Varela. Further, the court did not issue a final ruling on the merits on January 19, 2021, but instead granted a continuance. A ruling on a motion for continuance made prior to judgment is nonappealable. (See § 1237; *People v. Block* (1933) 134 Cal.App. 217, 218.) Citing *People v. Quarterman, supra*, 202

7

Cal.App.4th at page 1290 and *People v. Sims* (1982) 32 Cal.3d 468, 486, defendant suggests that this qualifies as being "free from direct attack" and therefore final for purposes of collateral estoppel. A ruling is free from direct attack for purposes of collateral estoppel when it could have been, but was not, appealed and can no longer be appealed. (See *Lucido v. Superior Court, supra*, 51 Cal.3d at p. 342.) Nothing in the cited cases defines the term as defendant suggests. Rather it was an interim continuance order, not made on the merits of the underlying proceeding. We thus reject defendant's claim that the litigation of his probation violation was barred by collateral estoppel.

Defendant argues that counsel again rendered ineffective assistance by failing to object to the ruling of February 2, 2021. As defendant's claim of collateral estoppel is meritless and any objection would have been overruled, counsel does not render ineffective assistance by failing to make meritless and futile objections. (*People v. Price* (1991) 1 Cal.4th 324, 387.)

**B.** ***Effect of previous revocation on August 18, 2020***

Defendant also contends that the prosecution was precluded by collateral estoppel from relitigating the same violations on February 2, 2021, that had already been litigated and "punished" on August 18, 2020. The first flaw in defendant's argument is that he was not punished on August 18, 2020. The trial court found defendant in violation, revoked probation, and reinstated probation on the same terms and conditions. Probation is not punishment but rather an act of clemency in lieu of punishment. (*People v. Moran* (2016) 1 Cal.5th 398, 402.)

Defendant again relies on *People v. Quarterman*, which held that collateral estoppel barred a second probation revocation hearing on an identical violation previously alleged and *rejected*

8

by a court and then filed in a different court. Assuming that the underlying facts of the most recent violation were the same as those of the violation found on August 18, 2020, the first violation was *not* rejected by the court. (*People v. Quarterman, supra*, 202 Cal.App.4th at p. 1290.) *Quarterman* continues to be inapposite.

Moreover, the violations were not the same. Defendant describes as the same violations the use of methamphetamine and having been terminated from the LATC program due to leaving without consent. Defendant rejects that the termination from Millennium House for being AWOL was the basis for the trial court's ruling. He reasons that because "the program" could have referred to either LATC or Millennium House, the court's reference to a positive drug test must mean that it was referring to LATC. Defendant argues that the prosecution caused the court to err by asking whether going AWOL from the program and testing positive for methamphetamine would both be violations of conditions of defendant's probation, which the DPO answered in the affirmative.

"If a judgment or order is ambiguous, it is subject to construction by a reviewing court." (*Yarrow v. State of California* (1960) 53 Cal.2d 427, 436.) "In deciding whether to permanently revoke supervision, the judge may consider the nature of the violation and the defendant's past performance on supervision." (Cal. Rules of Court, rule 4.435(a).) The prosecutor's last few questions came after more extensive questioning regarding Millennium House. We do not construe the prosecutor's questions regarding LATC as showing reliance on the LATC prior violation *instead* of the current violation regarding the Millennium House. The trial court was entitled, however, to

9

consider defendant's past performance in deciding to permanently revoke defendant's probation.

Other indications in the record also support the finding as referring to Millennium House. The court had read and considered the probation report. The probation report for the second violation, prepared for the October 2020 hearing, does not mention the LATC program but cites defendant's failure to follow specified rules of the probation department and failure to cooperate with the probation officer in a plan for a one-year residential drug program at Millennium House, which notified the court on October 7, 2020, that defendant was considered AWOL from the program. There is mention of a positive methamphetamine test in the report's description of the drug defendant possessed in jail.

"Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) "[A]ny uncertainty in the record must be resolved against the defendant." (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.) We conclude that defendant has demonstrated only that the trial court *might* have misspoken, but we presume that the trial court did consider all appropriate factors as it was entitled to do and that its ruling was based on appropriate factors.

## III. Multiple punishment

Defendant contends that he was subjected to multiple prosecution and double punishment in violation of section 654. Section 654, subdivision (a) reads: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall

the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." "Section 654 precludes multiple punishments for a single act or indivisible course of conduct." (*People v. Hester* (2000) 22 Cal.4th 290, 294.)

Defendant appears to argue that the second violation (regarding Millennium House) was not supported by substantial evidence and, because the trial court's ruling was ambiguous and included his positive drug test, was a basis of the first violation (regarding LATC). Defendant concludes: "Because the 'new' violation was based on the exact same acts, the positive test and the failure to complete the LATC program, that were the basis for the original August 18, 2020 violation, the finding that appellant violated his probation on February 2, 2021 was precluded by Penal Code section 654."

We have rejected defendant's claim that the court relied solely on the first violation to find the second. And even if we agreed with defendant's implied substantial evidence argument, his claim under section 654 fails because a proceeding to revoke probation is not a criminal prosecution. (See *Morrissey*, *supra*, 408 U.S. at p. 480; *People v. Maki* (1985) 39 Cal.3d 707, 714 (*Maki*).) "'Probation is neither "punishment" [citation] nor a criminal "judgment" [citation]. Instead, courts deem probation an act of clemency in lieu of punishment [citation], and its primary purpose is rehabilitative in nature [citation].'" (*People v. Moran*, *supra*, 1 Cal.5th at p. 402.)

When the imposition of sentence was suspended and probation ordered, the sentence ultimately imposed upon revocation of probation may be subject to section 654. (*In re*

11

*White* (1969) 1 Cal.3d 207, 212.) On February 19, 2019, the court imposed sentence, suspended execution, and placed defendant on probation in two cases. By agreeing to a specified disposition, defendant abandoned any claim that his sentence violated section 654's prohibition of double punishment. (See Cal. Rules of Court, rule 4.412(b); *People v. Hester, supra*, 22 Cal.4th at p. 294.) Thus, as defendant agreed to his punishment, he may not now challenge his sentence pursuant to section 654. And as the revocation of probation is not a criminal prosecution, section 654 is simply inapplicable to the execution of his previously imposed sentence.

Defendant argues that counsel rendered ineffective assistance by failing to object to the ruling of February 2, 2021, on the ground of section 654. Defendant's challenge under section 654 is meritless and any objection would have been overruled. Counsel does not render ineffective assistance by failing to make meritless and futile objections. (*People v. Price, supra*, 1 Cal.4th at p. 387.)

## IV. Hearsay

Defendant contends that the trial court erred in overruling the defense objection to DPO Varela's testimony concerning a notation by DPO Leavells that Millennium House had reported to the court that defendant was considered AWOL. Defendant argues that the trial court abused its discretion in admitting the testimony.

An objection to evidence must be timely and clearly specify the basis of the objection. (Evid. Code, § 353.) Defense counsel objected to the testimony on the grounds of lack of foundation and personal knowledge. Defendant's hearsay challenge is preserved for appeal only if the record shows that the court

12

understood that hearsay was the issue presented by the objection. (*People v. Scott* (1978) 21 Cal.3d 284, 290.)

DPO Varela began his testimony with foundational facts regarding the APS database, which contained "chronos." He explained, "So when we talk to the PSP or when we talk to anybody else, like, say, mental health or anybody else, we chrono everything that we speak to them about." DPO Varela testified that all information in APS was entered by the probation officer at or near the time of receiving it, that he relied on the records to perform his job efficiently, and that in his opinion they were accurate. He had been recently assigned as defendant's DPO and checked the APS database for all documents filed by defendant's former DPO, Nicole Leavells. He observed that the records show defendant had been accepted into Millennium House in August 2020 and was terminated on October 7, 2020, for failure to comply with instructions. Asked what instructions defendant failed to comply with, DPO Varela replied that he tried to learn more but could not find a number for Millennium House. He was, however, able to obtain information regarding the LATC by calling that organization. There was no objection to this testimony.

The prosecutor then asked DPO Varela to go back to the matter of Millennium House. He testified that he did not have the prior report regarding that program, but when he went through the database, he did see a notation by DPO Leavells that Millennium House had reported to the superior court that defendant was considered AWOL. Defense counsel objected due to lack of foundation and lack of personal knowledge. The court asked DPO Varela where he obtained the information that defendant had left the program. DPO Varela replied from "our

13

chrono system," apparently meaning the APS database, as he had described without objection, as containing chronos or notations made at or near the time the probation officer received the information. The court overruled the objection without explanation. We discern that the trial court understood the objection as having been made to foundation, not hearsay.

Moreover, the trial court's ruling implied a finding that the foundation for admitting the reports of DPO Leavells entered into the database was adequate and that DPO Varela's reliance upon them was trustworthy. (See Evid. Code, § 402, subd. (c).) Defendant's hearsay challenge has therefore not been preserved.

Regardless, defendant has not demonstrated error or prejudice. Because revocation of probation is not part of a criminal prosecution, a probationer is not entitled to "the full panoply of rights due a defendant [in a criminal prosecution]." (*Morrissey, supra*, 408 U.S. at p. 480.) However, due process "calls for such procedural protections as the particular situation demands." (*Id*. at p. 481.)[2] "While in some cases there is simply

---

[2]    In *Morrissey*, the United States Supreme Court outlined the minimum due process protections to which parolees are entitled in revocation proceedings. (*Morrissey, supra*, 408 U.S. at pp. 488-489.) The court subsequently held that such minimal due process requirements applied to probationers in probation revocation proceedings. (*Gagnon v. Scarpelli* (1973) 411 U.S. 778, 782.) "These requirements are: (1) written notice of claimed violations, (2) disclosure of adverse evidence, (3) the right to confront and cross-examine witnesses, (4) a neutral and detached hearing board, and (5) a written statement by the fact finders as to the evidence relied on and the reasons for revocation. ([*Morrissey*,] at p. 489.)" (*People v. Rodriguez* (1990) 51 Cal.3d 437, 441.)

14

no adequate alternative to live testimony, . . . *Morrissey* [does not] prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence." (*Gagnon v. Scarpelli, supra*, 411 U.S. at p. 782, fn. 5; see *Maki, supra*, 39 Cal.3d at p. 710.) "[D]ue process is not so rigid as to require that the significant interests in informality, flexibility, and economy must always be sacrificed." (*Gagnon v. Scarpelli, supra*, at p. 788.) Nontestimonial hearsay evidence is generally admissible in probation revocation hearings if accompanied by reasonable indicia of reliability. (*People v. Arreola* (1994) 7 Cal.4th 1144, 1157-1158 (*Arreola*); *Maki, supra*, at p. 715.) Defendant makes no contention or argument regarding the distinction between the two standards but merely cites *People v. Shepherd* (2007) 151 Cal.App.4th 1193, 1202, as authority for his contention that that DPO Varela's testimony was simply inadmissible hearsay, suggesting that all hearsay in probation proceedings require a showing of good cause. As *People v. Shepherd* involved testimonial hearsay, that case is inapposite and does not support either defendant's contention or his suggestion. (See *id*. at pp. 1199-1202.)

Whether hearsay evidence is accompanied by sufficient indicia of reliability is a discretionary determination by the trial court, which will not be disturbed on appeal absent a showing of abuse. (*People v. O'Connell* (2003) 107 Cal.App.4th 1062, 1067.) A discretionary determination "will not be disturbed except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 9-10.)

15

Citing no relevant authority to support his argument, defendant asserts that DPO Leavells should have been called to testify that she had personal knowledge that the letter regarding defendant's termination was sent to the court by the Millenium House and that she personally made the notation in the database. A probation officer's testimony regarding the report of a different probation officer is nontestimonial and may be properly considered in a revocation hearing. (See *People v. Abrams* (2007) 158 Cal.App.4th 396, 398-399, 401, 404-405.) Moreover, revocation may be based on a probation report that relied on records in a probation database in ""the absence of any evidence tending to contradict" the information contained in the [records].'" (*People v. Gomez* (2010) 181 Cal.App.4th 1028, 1039, quoting *Maki, supra*, 39 Cal.3d at p. 717.) DPO Varela thus appropriately testified as to the contents of DPO Leavells notations and documentary material found on the APS database, and the prosecution was required to show a reasonable indicia of reliability, not the good cause required for the admission of testimonial hearsay. (See *Arreola, supra*, 7 Cal.4th at pp. 1157-1158; *Maki, supra*, at p. 715.)[3]

---

[3] Without citation to authority, defendant suggests that DPO Leavells's notations were testimonial because they were not "writings" and thus did not come within the public records hearsay exception of Evidence Code section 1280. That is not the test of testimonial hearsay. The revocation "'process should be flexible enough to consider evidence including letters, affidavits, *and other material* that would not be admissible in an adversary criminal trial.'" (*Maki, supra*, 39 Cal.3d at p. 714, italics added, quoting *Morrissey, supra*, 408 U.S. at p. 489.) Strict adherence to the rules of evidence is not required so long as there are

Defendant posits that DPO Varela used the same database as DPO Bailey.[4]  He then contends that because the court had previously excluded DPO Bailey's testimony due to lack of personal knowledge, the trial court should have sustained his objection to DPO Varela's testimony regarding the letter from Millennium House notifying the court of defendant's AWOL status.  The court sustained the defense objection to DPO Bailey's testimony and struck it but did not altogether exclude it.  The court told the prosecutor she could admit hearsay *if she could lay a foundation*.  The prosecutor may have been able to do so.  (See *People v. Abrams, supra*, 158 Cal.App.4th at pp. 398-399, 401, 404-405 [report of a different probation officer may be considered in a revocation hearing]; *People v. Gomez, supra*, 181 Cal.App.4th at p. 1039 [probation report may rely on electronic records absent contradictory evidence].)  Instead however, the prosecutor requested a continuance.  Regardless, as defendant fails to cite authority for his novel theory that a court must sustain an objection to testimony as hearsay on the ground that the prosecutor had failed to lay a foundation when questioning a different witness at a previous hearing, we decline to address it.

DPO Varela testified that the notations in the APS database were made by DPO Leavells, who was defendant's probation officer; that she entered the information at or near the time she received it; that he used the information in his work as a

reasonable indicia of reliability.  (See *Maki, supra*, at pp. 714-715.)

[4]    DPO Bailey testified that she used the adult probation system, and DPO Varela testified that he obtained his information from "APS."  Defendant apparently infers that APS stands for adult probation system.

probation officer; and that he considered it accurate. Defendant did not object to that testimony or his testimony that he had retrieved information from the system that defendant had been terminated from Millennium House in October 2020 for failure to comply with instructions. The trial court did in fact receive the letter notifying it of defendant's termination from the program due to his AWOL status. The trial court reviewed the probation report, which also contained that information. We conclude that the court could reasonably conclude that the circumstances showed reasonable indicia of reliability. Thus, we cannot conclude that the court's discretion was exercised in an arbitrary, capricious, or patently absurd manner, and defendant has not demonstrated an abuse of discretion.

## DISPOSITION

The judgment is affirmed.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
HOFFSTADT, J.

18